OPINION
This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas. Appellant, Chris Hathy, appeals from his conviction for escape following a no contest plea.
On January 3, 1997, appellant was convicted on two counts of trafficking in marijuana, a violation of R.C. 2925.03(A). He was sentenced on March 31, 1997, to a one-year prison term on the first count and six months on the second, with the sentences to run concurrently.
Appellant was released from prison on August 18, 1997, and, as part of his sentence, placed on post-release control pursuant to R.C. 2967.28.[1]
While on post-release control, appellant was under the supervision of the Ohio Adult Parole Authority ("APA"), which included, among other things, periodically reporting to his parole officer, Michael Jones ("Jones").
On February 1, 1999, Jones learned that appellant was no longer living at the residence he had given as his home address. As a result, Jones contacted appellant and ordered him to report to his office for a meeting. Appellant, however, did not appear, and on February 10, 1999, was declared a violator at large by the APA.
A warrant was issued for appellant's arrest, and on June 11, 1999, he was taken into custody. The APA held an administrative hearing on June 28, 1999, at which time appellant was found guilty of violating the terms of his post-release control. He was then ordered to serve a prison term of thirty-two days, with credit given for time served since the date of his arrest.
On July 8, 1999, appellant was indicted by the Ashtabula County Grand Jury on one count of escape, in violation of R.C 2921.34. Appellant entered a plea of not guilty to the charge, and the trial court appointed counsel to represent him.
Appellant filed a motion to dismiss the indictment on September 3, 1999, arguing that it violated the double jeopardy clauses of theFifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution because the indictment was predicated on the same conduct as his post-release control violations. In a judgment entry dated October 21, 1999, the trial court denied the motion to dismiss.
On December 9, 1999, appellant entered a plea of no contest to the charge. The trial court subsequently found appellant guilty and sentenced him to one year in prison. From this judgment, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error for our review:
 "The trial court erred when overruling defendant's motion to dismiss based upon Double Jeopardy."
 In his sole assignment of error, appellant argues that the trial court erred by failing to grant his motion to dismiss. He claims that the imposition of a prison sentence by the APA for a violation of post-release control sufficiently constitutes a criminal punishment. Therefore, appellant believes that the subsequent criminal prosecution for escape, arising from the same conduct, violates the constitutional prohibition against double jeopardy. We disagree.
The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb[.]" The Fifth Amendment protection against double jeopardy has been applied to the states through the operation of theFourteenth Amendment. State v. Lovejoy (1997), 79 Ohio St.3d 440, 443;State v. Hayes (Sept. 30, 1999), Ashtabula App. No. 97-A-0067, unreported, at 18, 1999 Ohio App. LEXIS 4645. Similarly, Section 10, Article I of the Ohio Constitution provides that "no person shall be twice put in jeopardy for the same offense."
The Supreme Court of Ohio has long recognized that "the Double Jeopardy Clause of each Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." State v. Gustafson (1996), 76 Ohio St.3d 425, 432.
Appellant argues that this court should apply the reasoning set forth by the United States Supreme Court in United States v. Halper (1989),490 U.S. 435, when determining whether or not double jeopardy barred his conviction for escape. Halper held that "a criminal trial will be precluded by double jeopardy after civil sanction has been imposed when the civil sanction was `overwhelmingly disproportionate' to the damages caused to the state by the defendant's wrongful conduct." State v.Uskert (1999), 85 Ohio St.3d 593, 597.
The United States Supreme Court, however, has since disavowed the method of analysis articulated in Halper and returned to the previously established rule illustrated in United States v. Ward (1980), 448 U.S. 242,248-249. In Hudson v. United States (1997), 522 U.S. 93, the United States Supreme Court rejected what it considered to be Halper's "deviation from longstanding double jeopardy principles [as] ill considered." Hudson at 101. By doing so, the United States Supreme Court "returned to a two-part test that requires the court to examine the purpose of the legislation and its effects in determining whether it is `punitive' so as to constitute a double jeopardy violation." Uskert at 597.
Under the two-part test reestablished in Hudson, a court faced with a double jeopardy question "must first ask whether the legislature, `in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.'" Hudson at 99, quoting Ward at 248. However, even in those cases where the legislature has indicated an intention to establish a civil penalty, a court must still consider "`whether the statutory scheme was so punitive either in purpose or effect,' * * * as to `transform what was clearly intended as a civil remedy into a criminal penalty * * *.'" (Citations omitted.)Hudson at 99. See, also, Uskert at 597; Warren v. Schrock (Nov. 20, 1998), Trumbull App. No. 97-T-0176, unreported, at 3-4, 1998 Ohio App. LEXIS 5522.
Here, appellant was clearly not subject to two criminal prosecutions for a single offense. Instead, he was subject to an administrative hearing and a subsequent single prosecution. As such, our analysis is limited to whether appellant received "multiple punishments for the same offense."
Several courts have recently addressed the very issue currently before us. For example, in State v. Holder (June 12, 2000), Warren App. No. CA99-09-117, unreported, 2000 Ohio App. LEXIS 2464, the defendant was placed on post-release control after serving a one-year prison term. As part of his post-release control, the defendant was required, among other things, to periodically report to a parole officer. However, after missing several scheduled visits, the defendant was arrested in Kentucky and extradited to Ohio.
The APA held an administrative hearing where the defendant was found to have violated the terms of his post-release control and sentenced to one hundred nineteen days in prison. Shortly thereafter, he was then indicted on one count of escape. The defendant subsequently filed a motion to dismiss, charging that the indictment subjected him to double jeopardy. The trial court denied this motion. As a result, the defendant entered a plea of no contest and was sentenced to one year in prison.
On appeal, the defendant argued that the imposition of the sentence by the APA for his violations of post-release control amounted to criminal punishment. He, therefore, claimed that the Double Jeopardy Clause prohibited his conviction for escape because it was predicated on the same conduct.
The Twelfth Appellate District disagreed. In doing do, the court found the following:
 "Although post-release control disciplinary proceedings necessarily have punitive aspects, they remain primarily remedial in nature, as the goals of the disciplinary proceedings differ from the punitive nature of criminal prosecutions. [Defendant's] administrative hearing before the APA served only to determine whether he had violated the terms of his post-release control. The APA concluded that appellant had violated the terms of his post-release control and imposed a term of remedial incarceration.
 "We find that a sanction, issued for a post-release control violation, is imposed administratively for remedial purposes and is analogous to other situations in which an individual is subject to administrative penalties, such as parole revocation, probation revocation, and `bad time' sentences. The Double Jeopardy Clause does not prohibit subsequent criminal prosecutions based on the same conduct in these circumstances. * * *" (Citations omitted.) Holder at 7-8.
 Based on these assumptions, the court concluded that the defendant's "post-release control sanction [was] an element of his original sentence, issued for his failure to comply with his post-release control conditions." Id. at 9. As a result, the court determined that the one hundred nineteen day prison sentence "was not imposed as punishment for [the defendant's] conduct while under post-release control, but rather as a reinstatement of a term of his original sentence." Id. Therefore, the court held that the defendant was not twice placed in jeopardy by way of his conviction for escape. Id.
Other courts have followed this analysis and reached similar conclusions. See State v. Buckney (Dec. 15, 2000), Champaign App. No. 2000-CA-9, unreported, 2000 Ohio App. LEXIS 5836; State v. Hite (Dec. 14, 2000), Cuyahoga App. No. 77374, unreported, 2000 Ohio App. LEXIS 5876; State v. Jeter (Sept. 13, 2000), Lorain App. No. 99CA007505, unreported, 2000 Ohio App. LEXIS 4137; and State v. Wellbaum (Sept. 1, 2000), Champaign App. No. 2000-CA-5, unreported, 2000 Ohio App. LEXIS 3937.
After considering the case before us, we also concur. This case does not present a situation where a person has completely served a prison term and then had additional time added onto the original sentence for violating post-release control. Instead, appellant was sentenced to serve a total of one year for his convictions, but then was released after only serving approximately five months. Thus, appellant had never completed his full original sentence imposed by the trial court. See State v.Martello (Apr. 20, 2001), Ashtabula App. No. 2000-A-0026, unreported.
Accordingly, we hold that imposing sanctions for post-release control violations, in addition to sentencing a person for a criminal escape charge, does not violate the Double Jeopardy Clause. Appellant's sole assignment of error is without merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed.
____________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., NADER, J., concur.
[1] Although not raised in the present matter, the Supreme Court of Ohio has upheld the constitutionality of R.C. 2967.28. See Woods v.Telb (2000), 89 Ohio St.3d 504, paragraph one of the syllabus.